Welcome. I hope you all didn't have any trouble getting here this morning. I know the website said the court's closed, but here we are, hard at work. I'm Beverly Martin, and this is Jill Pryor and Julie Carnes, and we welcome you as one of the many all-female panels now that you'll see on the 11th Circuit. We're delighted you're here. We assume we've got experienced counsel, so you know the lighting system, so I won't go over that, but I'm going to do my best to enforce it. And with that, I will call the case of the United States v. Elbert Walker. Good morning. Good morning. My name is Janita Lane. I'm the attorney for the appellant, Elbert Walker.  The issue in this case is whether prosecutorial misstatements made during the trial and during closing argument violated the defendant's due process rights. In this case, but for the misleading statements made to the court by the prosecutor related to the New Jersey criminal docket sheet, that evidence would have been excluded from the trial and never considered by the jury. Are you making a sufficiency of the evidence argument about the use of the docket sheet to prove the conviction, or is it a prosecutorial misconduct claim, or both? Your Honor, well, you say it's both, but your brief seemed to me to be phrased only in terms of a plain error issue that the prosecutor should not have made an incorrect statement. Of course, there was no objection. I don't see anything in your brief talking about insufficient evidence. If I may, Your Honor, the inaccurate statements made by the prosecutor to the court during trial were plain error, but for those misstatements, that document would have never even come in to evidence. Well, the prosecutor's statements made at the end of the trial, the document came in a whole lot sooner, so the prosecutor's statement had nothing to do with the document coming in. As the way you framed your argument in your brief, it is that it was an incorrect statement, but the jury had the document. The jury could see the document. The jury could see the original sentence. The jury could see the reduced sentence. So I'm having trouble understanding what about what the prosecutor said was inaccurate. Your Honor, if the court can recall, there was a period during the time of the trial where the court inquired as to the criminal docket sheet. That information is where the prosecutor told the court that Mr. Walker was sentenced to not less than two, but no more than three years. And it was an inquiry that the court was making to determine whether or not the document was going to be sufficient to show that he was a convicted felon. But had she stated that he was resentenced to 364 days, the court would have likely determined that the document was not going to be sufficient to show that he was in fact a convicted felon. But don't we look to what the law allows rather than what he was actually sentenced to? In other words, if for the crime for which he was convicted, he could be sentenced to more than a year. Then it qualifies as a felony. Isn't that right? So I don't see how you've shown prejudice here. Well, that's correct, Your Honor. However, in 18 U.S.C. 921, that statute requires that the court look at the state statute as it relates to those convictions. And the state statute in New Jersey showed that my clients prior to convictions were in fact misdemeanors. The sentence allowed for those misdemeanors, however, was up to three years, which would be more than a year. However, there's also a New Jersey statute that delineates exactly which crimes cause a person to not be able to possess a firearm. And that statute… But none of these arguments were raised below at trial. At trial, as I understand it, I don't believe you were trial counsel. I was not, Your Honor. At trial counsel, as I read it, their only argument about this was that the government hadn't shown that your client was the person named in the conviction, the judgment that was shown to the court, that it was a different person named Albert Walker. Nothing, no hint of any of these legal arguments you're now making. Isn't that correct? That's correct, Your Honor. So did your prior counsel not weigh this particular argument? Your Honor, I believe as it relates to when there's plain error, whether or not there is an objection to the statements made by the prosecutor, plain error would be sufficient enough for the conviction to be reversed. So you're just saying we review it on plain error review. That's correct. Yes, ma'am. That the statements made by the prosecutor were improper and they infected the proceeding so much until it was unduly prejudiced against Mr. Walker. You know, you're mentioning this distinction between a felony and a misdemeanor, but doesn't 1896 Code 922G1 just say it shall be unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to have a firearm? So the statute doesn't really mention misdemeanor versus felony, does it? It does not. However, Your Honor, in 18 U.S.C. 921A20, it defines what the term crime punishable by imprisonment for a term exceeding one year, what it does not include, and specifically it states any state offense classified by the laws of the state as a misdemeanor and punishable by a term of imprisonment of two years or less. So that particular statute actually enlarges what the court would be able to say is not subject to 922G. Except the problem for you, though, then, is misdemeanor or not, I don't think there's any dispute that the punishment for this particular crime, prior crime of your client, was over two years, because under New Jersey law, misdemeanor for which no penalty is prescribed allows up to a three-year sentence, correct? That's correct, Your Honor, but if you continue to read that statute, the next section says, what constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged or set aside, or for which a person has been pardoned or has had civil rights restored, shall not be considered a conviction for purposes of this chapter. Mr. Walker never lost his right to carry a firearm in New Jersey as it relates to those convictions. He never lost his right to carry a firearm under the laws of New Jersey. But all of this is brand new material. It's hard for us to say it's plain error when essentially you're almost testifying, and we're now getting into things that you're telling us that had nothing to do with the trial that were never introduced at trial. Your Honor, as it relates to the plain error issue, the court inquired as to the sufficiency of the criminal docket sheet. The court asked whether or not the criminal docket sheet shows that Mr. Walker was convicted of a felony, and the response by the prosecutor, according to the transcript that was provided, was that he was sentenced to no less than two and no more than three years. And that was the only way that the court would have allowed it to be introduced to the jury. Had she, in fact, stated that he was resentenced to 364 days, which was clearly on the face of the docket sheet, there would have been more evidence to introduce. Of course, he was originally sentenced to not less than two years. He was originally sentenced. Yes, ma'am, that's correct. Isn't that the answer to your 921 definition? The portion of 921-820 states that we look at the laws of the jurisdiction to which the proceedings were held, and according to New Jersey law, Mr. Walker never lost his right to carry a firearm. I know, but I mean, he was sentenced to more than two years for this crime, right? He was initially, yes, ma'am, and subsequently resentenced to 364 days. All right. Thank you. We'll hear from you in rebuttal. Good morning, Ms. Shearer. How are you? Good morning. I don't know that I need to rehash, but I think that 921-A20 kind of speaks for itself in terms of what is an acceptable offense that would be a qualifying prior for purposes of 922-G. The crime punishable by a term exceeding one year does not limit it to felonies. And in fact, the language of 20-B seems to imply that misdemeanors are in fact an acceptable type of offense as long as they are punishable for a term of two years or more. And in this case, the statute at issue appeared to allow, and in fact, originally Mr. Walker was punished for a term of more than two years, even though that was later reduced. And the fact that he was subject to an offense that could have been punished for a term exceeding one year satisfied the requirements for 921-A20 and 922-G. And insofar as, so in terms of the fact that that is the error that she's challenging, which, as the court has already pointed out, was not raised in the court below, we think that the statute's been satisfied. Insofar as her argument was one of sufficiency of the evidence, we do believe that the evidence was sufficient to show that it was in fact the Mr. Walker on trial that was the Mr. Walker who was convicted in New Jersey. And that evidence was, as the court has pointed out, available for the jury for review, and the jury's verdict seemed to support the sufficiency of that evidence, and there's nothing that's been said here that would be necessary to overturn that conviction. If the court has no further questions for me, I'll give my time back. Thank you very much. We would stand on our brief and ask that you affirm the conviction. Thank you. Thank you. Your Honors, as it relates to the sufficiency of the evidence, as stated previously, 921A20B refers to the jurisdiction in which the proceedings were held, which would be New Jersey law, and according to New Jersey law, Mr. Walker never lost his right to carry a firearm as a result of the conviction, while the crimes were punishable by up to three years. The New Jersey statute, which is 2C39-7, delineates certain persons that cannot possess a firearm after conviction, and that statute, 2C39-7, delineates that a person cannot possess a firearm if they are convicted of a crime that actually involves a firearm. It lists if a person is convicted under New Jersey statute 2C39-3, which is the prohibited weapons statute. It also, it actually reads, any person having been convicted in this state or elsewhere of the crime of aggravated assault, arson, burglary, escape, extortion, homicide, kidnapping, robbery, aggravated sexual assault, or sexual assault, whether or not armed with or having possession of any weapon enumerated in section 2C39-1R. It actually lists out specific crimes where, if convicted, a person cannot possess a firearm. The crime that was, that Mr. Walker was convicted of, did not cause him to not be able to obtain a firearm license in New Jersey. And so a 1979 conviction that, where he never lost any of his rights, should not bring Mr. Walker under any type of violation for possessing a firearm by a convicted felon under federal law. If the state law does not prohibit him from carrying a firearm after the conviction. And for that reason, you know, our argument is that the evidence was insufficient to show that Mr. Walker violated 922G, despite the fact that the crimes he was convicted of, actually, he could have been in prison for up to three years. He never lost any of his rights because those two crimes, the conspiracy to obtain money by pretending to be poor, and also the welfare fraud convictions, those convictions did not cause him to lose his rights under New Jersey law to possess a firearm. And that's our argument as it relates to sufficiency of the evidence. I think we have your argument. Thank you. Yes, ma'am. Thank you so much. All right, we're ready for the next one.